CARPENTER, *Petitioner for Review, versus* SELLERS.

Where the defence to an action failed because evidence of the contents of a document was admitted, the *loss* of the original not being properly established, the fact that the document was subsequently found, furnishes no sufficient reason for a review.

THIS was a petition for review of an action wherein the respondent was demandant in a writ of dower. The case is reported in Vol. 33, p. 485. The defence in that suit was, that the demandant had relinquished her dower in the premises in a mortgage deed executed by her husband and herself. The loss of it was attempted to be proved, evidence of its contents was admitted, and the case referred to the full Court on report to be decided on the evidence admissible.

The Court found, that no sufficient evidence of the loss of the deed had been produced, the secondary evidence was ex-

cluded, and the tenant defaulted. Subsequently the deed was found and is the basis of this application for review.

*Kent* and *C. J. Abbott*, for petitioner.

*J. A. Peters* and *H. Williams*, for respondent.

TENNEY, J. — This is an application for the review of an action in which the respondent demanded dower of the petitioner, and was defended on the ground, that she relinquished her right to the same, in a mortgage deed given by her husband, to one Wardwell, who died testate. The case was decided by the whole Court, upon so much of the evidence reported as was deemed by it admissible. The mortgage itself was not introduced. The petitioner proved the genuineness of the signature of the one, who purported to have been the subscribing witness, and adduced evidence of the loss of the deed, and thereupon parol testimony was received of the contents of the same.

The whole Court being of the opinion that the deed was not shown to be lost, because the sources of information had not been exhausted, the petitioner was defaulted in the action. It was proved, that the mortgage, with the note described in the condition, was sold at auction by the executors of the last will and testament of the mortgagee. The persons to whom the sale was made were not called as witnesses, and the Court held, that it was reasonable to suppose, that one of them took the mortgage after the purchase.

It now appears, that the mortgage was in the hands of one of the executors at the time of the sale and for a long time afterwards, and it has been found among the papers belonging to the estate of his testator since the trial.

An examination as witnesses of those who purchased the mortgage would not of itself have shown that the deed was not lost or destroyed; but it would reasonably have directed the inquiry to the executors, with whom the mortgage was proved to have been before the sale, when the purchasers should have stated, that they did not take it, at the

time of the purchase or afterwards. One of the executors was examined at the trial, and stated, that the deed was not with him. But the other, who, as it now appears, was not examined, had the possession, and on search could have found it.

The petitioner chose to risk the issue of his suit upon the evidence which was adduced. It would not be contended, that a review could be properly granted, if the deed had not been found, for the purpose of introducing the testimony of those who purchased the mortgage; and it is not perceived, that he now stands on any better ground, than he might have stood, if he had done what he was bound to do, before parol evidence of the contents of the deed was admissible. On the failure to obtain information of the deed from the testimony of the purchasers, it might have been necessary to obtain a delay, in order to procure the testimony of the executor, who had not been examined. If delay was given, proper diligence would have brought the deed to light. If delay would have been unreasonable, a review would now be equally so.

*Petition dismissed with costs.*

HOWARD, J., concurred in the result. — APPLETON, J., concurred.